The ground upon which Mrs. Harrison resists payment of the purchase-money is based upon certain statements in the report of the commissioner and in the decree of confirmation. The report of the commissioner states: "And the cooperage was to go to the purchaser of said lands, with the understanding that if it should become necessary for said cooperage to be sold by the receivers to pay the debts of C. W. Garrett 
Co., then and in that event the purchaser of said lands should be credited on the purchase price for the value of said cooperage." *Page 89 
There is nothing in the original decree of sale authorizing such action of the commissioner, but in the decree of confirmation (87) of 11 June, 1902, appears the following clause: "And the cooperage now in the cellar at said vineyard, by consent of all parties, was sold with said lands, with the understanding that if it should become necessary for the receiver of C. W. Garrett Co., A. S. Harrison, to sell said cooperage to pay the debts of the said C. W. Garrett Co., then and in that event the value of said cooperage should be deducted from the purchase price of said lands and property."
If the cooperage was the property of C. W. Garrett Co., no reason is given as to why it was sold with the land. If it was the property of Mrs. Pittinger and Mrs. Harrison, the record discloses no reason why it should have thus been practically dedicated to the payment of Garrett Co.'s debts, as neither tenant in common was a member of that firm.
Mrs. Pittinger has not asked to have the report of sale and decree of confirmation set aside. On the contrary, she has received her share of so much of the purchase-money as has been paid and is moving in the cause and under such decree to collect her share of the remainder. It therefore requires no citation of authority to show that in pressing her motion to collect the unpaid purchase-money Mrs. Pittinger is bound by the action of the commissioner and the recital in the decree of confirmation that it was done by her consent. If the action of the commissioner was unauthorized and the decree of confirmation made without her knowledge and consent, Mrs. Pittinger should have taken proper steps to have the sale and decree set aside. But she has taken benefit under it by receiving part of the purchase-money, and is now moving in the cause to collect the remainder.
The cooperage referred to consisted of about 100 empty casks, 15 fermenting tanks, pipes, etc. It appears that the cooperage was taken by the receiver of Garrett Co., and sold to pay the debts of that insolvent firm. In her affidavit Mrs. Harrison places the value (88) of the cooperage at $5,000. At the receiver's sale it brought $350. It was resold by order Court and bid off by Paul Garrett at the price of $10,200.
A schedule of the creditors of C. W. Garrett Co. is set out in the record. The name of Paul Garrett does not appear among the number, but the receiver reports that Paul Garrett owns all the indebtedness except $86.62. What he paid for it does not appear. But the record shows that said debts were worth much less than their face value. The price bid by Paul Garrett was not paid in money, but by this *Page 90 
insolvent paper, which he had evidently bought up for the purpose and probably at large discount.
Mrs. Harrison claims the right to have the $10,200 credited on the purchase-money notes. Mrs. Pittinger replies that Mrs. Harrison is endorser upon some of the notes of C. W. Garrett Co., and that she should be required to pay these before the cooperage money can be so applied. This cannot avail Mrs. Pittinger, because the cooperage is regarded in the decree and was sold as the property of C. W. Garrett Co., and if Mrs. Harrison as endorser or surety had paid the notes she would be subrogated to the rights of the creditors as against the property of C. W. Garrett 
Co. But we think it would be rank injustice, and neither within the letter nor spirit of the language of the decree, to hold Mrs. Pittinger bound by the sum which Paul Garrett saw fit to bid for the cooperage when he knew he could pay for it in the greatly depreciated paper of C. W. Garrett Co. That sale is no more a criterion of its value than the first sale when it was sold for cash and brought only $350.
We are of the opinion that Mrs. Pittinger, under the terms of the decree, is responsible for one-half of the actual cash value of the cooperage at the date when it was sold by the receiver, and no more.
This cause is therefore remanded to the Superior Court of (89) Halifax County with leave to Mrs. Pittinger, upon ten days' notice to Mrs. Harrison or to her attorneys, to move at chambers before the resident Judge of the Second Judicial District, at a time and place therein, or before the Judge holding the courts of said district, that his Honor find the fact as to what was the actual cash value of such cooperage, and that his Honor certify said finding to the Clerk of the Superior Court of Halifax County to the end that the half of the purchase-money belonging to Mrs. Pittinger be credited with one-half of such cash value as of the date when said cooperage was sold by the receiver and the sale thereof confirmed. Whatever sum may then remain due Mrs. Pittinger upon the notes due 1 May, 1905, and 1 May, 1906, now past due, Mrs. Harrison shall be required to pay, or, in default thereof, the proper order of sale shall be entered by the Clerk of the Superior Court of Halifax County.
The order of the Clerk and Judge is reversed, and the cause remanded to be proceeded with in accordance with this opinion.
Reversed and remanded. *Page 91